86 U.S. 595
 22 L.Ed. 202
 19 Wall. 595
 UNITED STATES
v.
INNERARITY.
 October Term, 1873
 
 APPEAL from the District Court for Louisiana.
 An act of Congress, passed June 22d, 1860,[1] provided for the adjustment of land claims in Louisiana, emanating from foreign governments prior to the cession of the region to the United States. The act was temporary in its nature, and, having expired, was revived for three years by an act of March 2d, 1867.[2] This new act having also expired, a revivor was again made for three years by an act of June 10th, 1872.[3] Under the second of these acts, Eloise Innerarity and others, alleging that they were the sole heirs of James Innerarity, deceased, on the 1st of March, 1870, filed their bill in the court below, averring that they as such sole heirs were entitled to a judicial recognition of a Spanish patent of 20,000 arpents of land in the present parish of East Baton Rouge, Louisiana, made to one Ramos, and that after the issuing of the patent the land became the property of their ancestor.
 To this petition there was a general demurrer filed.
 Subsequently, on the 27th of November, 1871, a supplemental petition was filed, alleging that since the filing of the original petition the petitioners had discovered that the true right to the lands claimed and to such confirmation existed, not in themselves, as they had heretofore averred and had sufficient reasons to believe, but in other persons, to wit, the heirs of John Watkins.
 To this supplemental petition the United States demurred, for the reason that the time within which by the act of 1860 and the act of 1867, petitions for the confirmation of titles thereunder could be brought, had expired at the time of filing the supplemental petition, and that no new parties could be substituted thereafter; and that the heirs of Innerarity, in and by their supplemental petition, judicially confessed that they had not, and had not at the time of filing their original petition, any right to the lands claimed therein.
 This demurrer was overruled, and a decree was made in favor of the representatives of John Watkins for a portion of the land.
 From this decree the United States took this appeal.
 
 Mr. C. H. Hill, Assistant Attorney-General, for the United States:
 
 Suits of this kind are matters of strict right, and entirely dependent upon the statutes authorizing them to be brought, and parties must bring themselves clearly within those acts.
 There is nothing in the petition to show any connection or joint interest between the heirs of Innerarity, who first filed the petition, and the other parties in whose behalf the supplemental petition was filed. And allowing an amendment at the time the supplemental petition was filed, bringing in new parties, was really extending, as to them, the time within which an action could be brought, beyond the period mentioned in the act of 1867, and ought not to have been allowed.
 As to the heirs of Innerarity, the supplemental petition admits that they have no title to the property, and the decree entered was only in favor of the heirs of Watkins.
 
 Messrs. R. H. and J. L. Bradford, contra:
 
 The court should give a liberal construction of the liberal statute of 1860 as revived. It is an act of indemnity. The objection of Mr. Attorney-General is purely technical. The merits of our case are not denied. The case relates, of course, to very ancient transactions, which the interests of the government and the necessities of aged claimants make it desirable to bring to a conclusion. If dismissed now our case must come up here again at multiplied costs, under the new act of 10th of June, 1872. Such delay, circuity, and expense should be avoided by affirming the decree below.
 Mr. Justice HUNT delivered the opinion of the court.
 
 
 1
 It appears that the allegations of the petition were made in ignorance of the facts, and that Innerarity really had no claim in law or in equity to the land described. This necessarily disposes of the case as to his heirs.
 
 
 2
 The attempt to set up a claim under this petition or a supplemental petition by Innerarity's heirs in favor of the heirs of John Watkins, cannot be sustained. It does not appear that Watkins derived title from Innerarity, or that Innerarity ever had any title. The case is simply this: Innerarity's heirs have filed their petition in time, but have no title. Watkins's heirs have a title, but have not filed a petition for its allowance. Watkins's title cannot be interposed by the present petitioners. Such practice is unknown. If a suit be commenced by A. to recover land or money, he failing on the merits, cannot bring into his suit a new plaintiff, especially one whose action, if then commenced, would be barred by the statute of limitations. If otherwise, the same suit can be continued indefinitely, constantly making new plaintiffs, until some one shall be found who has a meritorious claim. It would be a practical abrogation of the limitation of the statute. The act of 1867 has been further extended, and the heirs of Watkins must make an original application in their own names. We understand the case of United States v. Patterson[4] to be a decisive authority against the present claim.
 
 
 3
 DECREE REVERSED, and the case remitted to the District Court of Louisiana, with directions to
 
 
 4
 DISMISS THE PETITION.
 
 
 
 [1]
 12 Stat. at Large, 85, § 11.
 
 
 [2]
 14 Id. 544.
 
 
 [3]
 17 Id. 378.
 
 
 [4]
 15 Howard, 12.